CARLTON, J.,
 

 for the Court.
 

 ¶ 1. This case is on appeal from the judgment of the Chancery Court of Pearl River County, entered on August 24, 2007, dismissing the claims of Bordman Humphrey’s estate and declaring the cross-complaints moot. The chancellor dismissed the claims of Humphrey’s estate upon finding that the estate failed to meet its burden of proof of establishing by clear and convincing evidence its claims of undue influence. Humphrey’s estate now appeals this judgment.
 

 FACTS
 
 [1]
 

 ¶ 2. Bordman Humphrey (Humphrey) owned property in Pearl River County. On March 27, 1992, Humphrey executed two deeds conveying his interest in certain real property to Jeanette Humphrey Smith (Jeanette), one of his daughters. On September 10, 1993, Humphrey commenced a lawsuit against Jeanette seeking to have the deeds voided on the grounds of fraud and undue influence. He later amended the complaint to include claims for fraud in the procurement and failure of consideration. Humphrey argued that he had only intended for Jeanette to have title to the property temporarily in order to shield it from his daughter Wilda, who he was convinced was trying to take advantage of his illness to take his property. He claimed that Jeanette was to re-convey the property to him when he was well enough mentally to tend to his own business affairs. Nadine Stevens (Nadine), another of Humphrey’s daughters, drafted the deeds conveying the property to Jeanette. At the time the deeds were signed, Humphrey was not under a conservator-ship. Humphrey was living with Nadine at the time he executed the deeds.
 

 ¶ 3. On April 29, 1994, Erik Lowery was appointed as guardian ad litem for Humphrey to determine his competency and his understanding of the proceedings against Jeanette. Lowery informed the chancery court that Humphrey was competent and was able to understand the issues before the court. In September 1997, Jeanette and Humphrey filed a notice of dismissal, voluntarily dismissing the case against Jeanette, pursuant to Rule 41(a)(1)(H) of the Mississippi Rules of Civil Procedure. The notice was signed by Jeanette’s attorney and by Humphrey. Humphrey’s attorney was not present at the time Humphrey executed the voluntary dismissal.
 

 ¶ 4. On March 9, 1999, Humphrey filed a third amended complaint against Jeanette. He added several defendants to the case who had acquired an interest in the land,
 
 [2]
 
 including Joe A. Herrin d/b/a Herrin Timber Company, Bruce S. Rawls, and K. Elaine Rawls; he asserted the same claims of fraud and undue influence that he had previously raised. Humphrey sought to void the deeds conveying the property to Jeanette, as well as the deeds from Jeanette to Herrin and from Herrin to the Rawlses. When this complaint was filed, Humphrey’s affairs were under a conser-vatorship. Humphrey’s daughter, Nadine, was the conservator.
 

 
 *767
 
 ¶ 5. In February 2002, Herrin filed a motion for summary judgment asserting that the prior dismissals prohibited the refiling of Humphrey’s claim against Jeanette and the new defendants. Humphrey’s conservator responded that the dismissal was void because Humphrey was incompetent at the time the dismissal was executed. The chancellor granted the summary judgment in January 2003. Humphrey appealed the chancellor’s judgment, and the case was assigned to this Court, which reversed the summary judgment and remanded the case for further proceedings.
 

 ¶ 6. In remanding the case back to the chancery court, this Court instructed the chancery court to consider: (1) the circumstances surrounding the execution of the September 1997 notice of dismissal to determine its legal effect; and (2) whether Humphrey should be allowed to proceed with his third amended complaint, considering his failure to seek prior court approval before filing a third amended complaint.
 

 ¶ 7. Since the remand, both Humphrey and Jeanette have died.
 
 [3]
 
 The chancery court determined that Humphrey’s voluntary dismissal of his claims against Jeanette was invalid, and the dismissal was set aside. The estates of Jeanette and Humphrey have been substituted as parties. Nadine, as executrix for her father’s estate, represents Humphrey’s estate in this appeal.
 

 ¶ 8. On remand, the chancellor allowed Humphrey to proceed with his third amended complaint. At the close of Humphrey’s case, the Rawlses moved to have the third amended complaint dismissed, arguing that Humphrey’s evidence did not support the claim that Jeanette defrauded Humphrey or exerted undue influence over him to obtain the deeds. The chancellor granted the motion, and the chancery court’s final judgment on remand dismissed Humphrey’s claims against Jeanette with prejudice, thereby rendering a complaint by Jeanette to quiet title and the cross-claims of Herrin and the Rawlses moot. Humphrey now appeals the chancellor’s ruling. Humphrey alleges that the chancery court erred when it dismissed Humphrey’s claims of undue influence and lack of testamentary capacity at the close of his case-in-chief.
 

 DISCUSSION
 

 ¶ 9. Rule 41(b) of the Mississippi Rules of Civil Procedure provides for the involuntary dismissal of actions in certain cases and provides, in part, the following:
 

 After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court may then render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.
 

 The supreme court has articulated the following standard of review in challenges to Rule 41(b) dismissals:
 

 
 *768
 
 This Court has held that the standard of review applicable on a motion to dismiss under [Mississippi Rule of Civil Procedure] 41(b) is different than that applicable on a motion for directed verdict. In considering a motion to dismiss, the judge should consider the evidence fairly, as distinguished from in the light most favorable to the [p]laintiff, and the judge should dismiss the case if it would find for the defendant. The court must deny a motion to dismiss only if the judge would be obliged to find for the plaintiff if the plaintiffs evidence were all the evidence offered in the case. This Court applies the substantial evidence/manifest error standards to an appeal of a grant or denial of a motion to dismiss pursuant to [Rule] 41(b).
 

 Alexander v. Brown,
 
 793 So.2d 601, 603(¶ 6) (Miss.2001) (internal citations and quotations omitted). On appeal, this Court’s review of the Rule 41(b) dismissal is “limited to ascertaining whether the record reveals substantial evidence to support the chancellor’s findings. We must affirm the chancellor’s findings when supported by substantial credible evidence and when not manifestly erroneous.”
 
 Holmes v. O’Bryant,
 
 741 So.2d 366, 370(¶ 15) (Miss.Ct.App.1999) (citing
 
 Stewart v. Merchants Nat’l Bank,
 
 700 So.2d 255, 258-59 (Miss.1997)).
 

 ¶ 10. Though the chancellor did not make findings of fact and conclusions of law on the record, we can review his judgment under the substantial evidence/manifest error standard.
 
 See Pace v. Owens,
 
 511 So.2d 489, 491-92 (Miss.1987) (citations omitted). The chancellor did explain that Humphrey had failed to meet his burden of proof, stating the following reasons for dismissing the case:
 

 I think they all acted in concert, and I don’t think at this point either side or either daughter can state a claim that the other took advantage of them because they participated in the whole transaction, so I’m inclined to grant [the motion to dismiss] on that basis.... I think undue influence is based on the fact that somebody’s mental capacity and will is taken away from them, and in this case both sisters participated in either preparing the deed or getting it signed, so I don’t think there’s any legal basis to complain there, so I’m inclined to grant your motion on that basis.
 

 Examining the evidence and testimony in the record, this Court finds substantial evidence to support the chancellor’s dismissal of the cause of action.
 

 ¶ 11. Humphrey argues that Jeanette used her close relationship with him to influence him into conveying the land to her. He argues in his brief that he raised a rebuttable presumption of undue influence based on his relationship with Jeanette. The supreme court has held that where a confidential relationship exists, a presumption of undue influence arises with respect to an inter vivos gift, and such gifts are presumed to be invalid.
 
 Cupit v. Pluskat,
 
 825 So.2d 1, 5(¶ 13) (Miss.2002). Such a confidential or fiduciary relationship exists “whenever there is a relationship between two people in which one person is in a position to exercise dominant influence upon the other because of the latter’s dependency on the former arising either from weakness of mind or body, or through trust....”
 
 Id.
 
 (quoting
 
 Hendricks v. James,
 
 421 So.2d 1031, 1041 (Miss.1982) (overruled on other grounds)). Further, the supreme court set forth factors to be considered in evaluating whether or not a confidential relationship existed between two parties. Those factors include:
 

 (1) whether one person has to be taken care of by others, (2) whether one person maintains a close relationship with another, (3) whether one person is pro
 
 *769
 
 vided transportation and has their medical care provided for by another, (4) whether one person maintains joint accounts with another, (5) whether one is physically or mentally weak, (6) whether one is of advanced age or poor health, and (7) whether there exists a power of attorney between the one and another.
 

 Id.
 
 (citing
 
 In re Estate of Grantham,
 
 609 So.2d 1220, 1224 (Miss.1992)).
 

 ¶ 12. The supreme court has held that “the burden of establishing the existence of a confidential relationship is upon the party asserting it.”
 
 Norris v. Norris,
 
 498 So.2d 809, 813 (Miss.1986) (citations omitted). Clear and convincing evidence is necessary to prove the existence of a confidential relationship.
 
 See Holmes,
 
 741 So.2d at 371(¶ 21). If a confidential relationship exists between the parties, the burden then shifts to the beneficiary of the gift to rebut the presumption of undue influence by clear and convincing evidence.
 
 Norris,
 
 498 So.2d at 813 (citation omitted). A chancellor will not scrutinize a facially valid inter vivos deed without a showing that a confidential relationship existed.
 
 Holmes,
 
 741 So.2d at 371(¶ 20) (citing
 
 Mullins v. Ratcliff,
 
 515 So.2d 1183, 1190 (Miss.1987)). The chancellor found that Humphrey did not meet his burden of proof in establishing the existence of a confidential relationship between Jeanette and Humphrey; therefore, the burden did not shift to the beneficiary, Jeanette, to rebut the presumption.
 

 ¶ 13. From the evidence presented at trial, this Court finds ample evidence to support the chancellor’s finding that Humphrey had not met his burden of proof in establishing a confidential relationship between himself and Jeanette. Humphrey did establish that he was dependent on others to take care of him; however, the record reflects that he was primarily being cared for by his daughter, Nadine, not Jeanette, at the time of the conveyances. Though both daughters maintained a close relationship with their father, Nadine, at the time Humphrey signed the deeds, enjoyed a closer relationship with Humphrey than Jeanette did. Humphrey was dependent on Nadine for transportation. Furthermore, Nadine, not Jeanette, prepared the documents related to the conveyances. Nadine testified at trial that Humphrey conveyed the property to Jeanette for “safekeeping,” and he expected Jeanette to return the property to him when his good health returned. However, the deeds contained no language indicating that Humphrey intended to reserve any rights in the property.
 

 ¶ 14. The record further shows that a guardian ad litem, who had been appointed to represent Humphrey’s interests, testified that Humphrey was competent and did not need the services of a guardian ad litem in his suit against Jeanette. The chancellor was in the best position to evaluate the guardian ad litem’s testimony and to draw inferences therefrom, even though the guardian ad litem’s evaluation of Humphrey took place after the conveyances. Furthermore, Humphrey had assisted his attorney with answering interrogatories and participating in his cause of action against Jeanette.
 

 ¶ 15. After careful review of the factors to be considered when determining the existence of a confidential relationship, as well as other facts before the chancellor regarding Humphrey’s mental state at the time of the conveyances, this Court finds substantial evidence to support the chancellor’s finding that Humphrey had not met his burden of proof to show by clear and convincing evidence that a confidential relationship existed between himself and Jeanette. There is substantial evidence in the record to support the chancellor’s findings; therefore, we find no error in the
 
 *770
 
 chancellor’s ruling to dismiss the complaint under Rule 41(b). This appeal is without merit.
 

 ¶ 16. THE JUDGMENT OF THE CHANCERY COURT OF PEARL RIVER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.
 

 [1]
 

 . This case was previously before this Court on appeal of the grant of a motion for summary judgment. The facts are largely taken from this Court’s opinion in that case.
 
 See Humphrey v. Smith,
 
 868 So.2d 371, 372-75 (¶¶ 1-18) (Miss.Ct.App.2004).
 

 [2]
 

 . Jeanette sold the land to Herrin in Feburary
 
 1998.
 
 Herrin later sold the land to the Rawlses.
 

 [3]
 

 . The estates of Jeanette and Humphrey have been substituted for the parties. However, in order to avoid confusion, they will be referred to as Jeanette and Humphrey throughout this opinion.